IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HERMAN FRAZIER                                                    PLAINTIFF

v.                                    No. 5:15-cv-202-DPM

PANGBORN CORPORATION; PRECISION
PACKAGING, INC.; AMERICAN OPTICAL
CORPORATION; JOHN & JANE DOES 1-500;
and JOHN & JANE DOE CORPORATIONS 1-500        DEFENDANTS

## ORDER

**1.** The question is whether complete diversity exists in this removed

case. Herman Frazier has silicosis. He allegedly  got the disease by inhaling

silica while working with and around sandblasting equipment. He claims that

Precision Packaging supplied sand containing silica to Central Maloney,

where Frazier worked for thirty-two years. In mid-June 2014, Frazier sued in

state court claiming damages for silica-related injuries. Precision Packaging,

American Optical, and Pangborn are the remaining defendants. Precision

Packaging is the only non-diverse defendant. In mid-June 2015, American

Optical (with its co-defendants' consent) removed the case here, № 1, alleging

diversity jurisdiction. The removal was timely. 28 U.S.C. § 1446(c)(1).

American Optical argues fraudulent joinder. Frazier wants a remand.  № 28.

"[I]f the state law *might* impose liability on the resident defendant under the facts alleged[—]then there is no fraudulent joinder." *Filla v. Norfolk Southern Railway Company*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis added). In these circumstances, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mutual Insurance Company*, No. 14-3210, 2015 WL 4939897, at *2 (8th Cir. 20 Aug. 2015) (quotation omitted); *see also Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

**2.** Some things aren't  disputed. Frazier worked for Central Maloney from 1973 to 2005. For fifteen to twenty of those years he worked in the paint shop. And he worked exclusively at Central Maloney's transformer location. The parties differ on whether Frazier was exposed to Precision Packaging's "Quickblast" sand silica there. Jurisdiction hangs on whether there's a colorable cause of action against Precision Packaging. *Filla*, 336 F.3d at 810.

American Optical points to Frazier's deposition testimony in 2007 during asbestos litigation about his work at Central Maloney.

Q: Have you ever done any sandblasting or been around any
sandblasting?
A: Yes.
Q: Have you done it or just been around it?

-2-

> A: I have done it.
> Q: Where did you do some sandblasting?
> A: I did sandblasting when I was in construction, and I did some, not sandblasting, that was shot blasting. I did shot blasting at Central Maloney.

№ 28-2 *at* 33 (deposition pagination).

> Q: What did you do as a shot blaster?
> A: We used little steel balls, to blast them, to melt them, to get it ready for painting.
> Q: You used steel balls to get it ready for painting?
> A: They called it shot. They used a steel shot with a blaster to blast it, getting it ready for painting.

№ 28-2 *at* 45–46 (deposition pagination).

Frazier counters with his 2015 deposition. Here's the exchange.

> Q: Were you a sandblaster at M[a]loney?
> A: Yeah.
> Q: Okay. And about how many years do you think you were an actual sandblaster?
> A: Oh, it was about 12 years.

№ 28-1 *at* 15 (deposition pagination).

Frazier's 2015 deposition doesn't create an adequate factual basis for his claim because it directly contradicts his 2007 deposition. When two sworn statements conflict, the latter doesn't create a genuine issue of fact except in limited circumstances. *Camfield Tires, Inc. v. Michelin Tire Corporation*, 719 F.2d 1361, 1364 (8th Cir. 1983) (summary judgment context); *Lykken v. Brady*, 622

F.3d 925, 933 (8th Cir. 2010) (same). Other courts have applied this principle in analyzing fraudulent joinder. *TKI, Inc. v. Nichols Research Corporation*, 191 F. Supp. 2d 1307, 1314 (M.D. Ala. 2002).   This Court is persuaded that the procedural context doesn't matter. No exception applies. Frazier's later contradictory testimony must be disregarded, and thus doesn't support a colorable claim.

**3.** Frazier also relies on David Owney's deposition. Asked whether he remembered any co-workers from 1976, Owney said "Herman Frazier. . . he was[−]I think he was doing shot blasting." *№ 28-3 at 27* (deposition pagination). This statement doesn't suffice. It echos Frazier's 2007 testimony. Owney's testimony continued.

> Q: Was the only material you ever saw used called Quickblast?
> A: I don't know what kind of[−]I don't know what kind of blast it was.
> Q: Okay.
> A: But that's the kind I seen the bags they was supplying the shot blast with. . . .
> Q: Okay. So, that's my question. The only bags of stuff you saw them using was called Quickblast?
> A: Yes.

*№ 28-3 at 102–03* (deposition pagination).

Defendants counter with two affidavits. Chris Hart, an executive officer

for Central Maloney, said that "[n]o sandblasting or use of any type of silica sand in grinding, blasting, or otherwise was done at the transformer location." № 1 at 14. Hart's affidavit conflicts with Owney's deposition. Stephen Boyland, the president of Precision Packaging, also provided an affidavit. He said "Precision Packaging, Inc. was [] formed in Arkansas in 1976. The company did not sell materials for abrasive blasting until years after it was formed. . .." № 1 at 16. Frazier notes that Precision Packaging was formerly known as "Quickrete Materials"; this defendant, Frazier continues, is liable as the old company's successor. Precision Packaging is silent about its potential successor liability. № 29 at 2 n.1.

On the current record, a fact issue exists about Frazier's use of Quickblast sand while a shot blaster at Central Maloney. Resolving all factual disputes and doubts in Frazier's favor, he's presented a colorable (albeit thin) factual basis through Owney's deposition that he did. Arkansas law might impose liability on Precision Packaging for Frazier's silica-related injuries. *Filla*, 336 F.3d at 806. This company, therefore, wasn't fraudulently joined. And Precision Packaging destroys diversity.

* * *

Motion, № 28, granted. This case is remanded to the Circuit Court of Jefferson County, Arkansas.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

28 August 2015